IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JESUS MANUEL HERAS,** :
:
    Petitioner : CIVIL NO. 1:CV-09-00494
:
v. : **(Judge Rambo)**
:
**DAVID EBBERT,** :
:
    Respondent :

## M E M O R A N D U M

On March 17, 2009, Petitioner Jesus Manuel Heras ("Heras") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1.) Specifically, Heras is seeking credit totaling 303 days for time spent in custody prior to his sentencing in federal court. For the reasons that follow, the petition will be denied.

**I.**     **Background**

On March 2, 2004, Heras was arrested by local authorities in the state of Nebraska for possession of methamphetamine. (*See* Doc. 7-2.) On March 5, 2004, he was released on bond. (*Id.*) On April 3, 2004, Heras was arrested again by local authorities in Nebraska on charges of second degree assault and use of a deadly weapon. (*Id.*)

Heras remained in the primary custody of Nebraska state officials until May 3, 2004, at which time he was produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to a charge of distribution and possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1) and (b)(1) in the United States District Court for the District of Nebraska. (*Id.*) The United States Marshals Service returned Heras to primary state custody that same day for detention on the assault charge. (*Id.*)

On May 5, 2004, Heras was sentenced in Nebraska state court to a term of imprisonment of nine (9) months for various domestic offenses. (*Id.*) Heras had been arrested on these charges on December 15, 2003. (*Id.*)

On May 7, 2004, the state of Nebraska dismissed the charge of possession of methamphetamine against Heras resulting from the March 2, 2004 arrest, in favor of federal prosecution. (*Id.*)

On May 21, 2004, Heras was sentenced in Nebraska state court to a term of imprisonment of thirty (30) days for possession of a concealed weapon. (*Id.*) He had been arrested on this charge on February 3, 2004. (*Id.*)

Heras remained in the primary custody of Nebraska until July 14, 2004, at which time he was produced from state custody pursuant to a federal writ of habeas

2

corpus *ad prosequendum* to answer again to the charge of distribution and possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1) and (b)(1) in the United States District Court for the District of Nebraska. (*Id*.) On December 30, 2004, the United States District Court for the District of Nebraska sentenced Heras to a term of imprisonment of sixty-three (63) months after he entered a guilt plea on that charge. (*Id*.) The United States Marshals Service returned Heras to primary state custody on January 10, 2005, to serve his three (3) to five (5) year term of imprisonment for second degree assault. (*Id*.)

On March 27, 2006, Heras was released by the Nebraska state officials via discretionary parole. (*Id*.) At that time, federal authorities took primary custody of Heras to serve his sixty-three (63) month federal sentence.

Heras filed the instant habeas petition on March 17, 2009. (Doc. 1.) On March 19, 2009, an order to show cause was issued, directing the Respondent to file an answer to the petition. (Doc. 4.) Respondent filed that answer on April 15, 2009. (Doc. 7.) This matter is now ripe for disposition.

**II.   Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence,"

3

*Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Heras has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP. *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331–32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad*

4

*prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. Further, the jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622.

"Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the response in the instant case, Respondent informs the court that Heras has subsequently been granted more credit than he seeks in his habeas petition (approximately 485 days), and therefore his petition should be denied. (*See* Doc. 7.) Specifically, Respondent claims that as a result of this action, an additional review of Heras' sentence was performed by the Designation and Sentence Computation Center ("DSCC"). The DSCC determined that Heras' federal sentence now begins on December 30, 2004, the date he was sentenced in federal court. Further, Heras was awarded prior custody credit from March 2, 2004 through March 4, 2004. He was also awarded prior custody credit from April 3, 2004 (the date he was arrested by Nebraska local authorities for second degree assault) through May 4, 2004 (the date prior to his state sentence on various domestic offenses). As a result, Heras' current projected release date is August 29, 2009.

In his traverse filed on April 24, 2009, Heras concedes that this credit has been awarded and thus is no longer at issue. (Doc. 8.) However, Heras claims that there remains a dispute as to credit from May 5, 2004 (the date he was sentenced in state

court on the various domestic offenses) through December 29, 2004 (the date prior to federal sentencing on the methamphetamine charge), a total of 240 days.

In the response to the petition, Respondent addresses this time period, thus no further response is required at this time. Respondent asserts that Heras was not provided credit from May 5, 2004 through December 29, 2004, because he was already receiving credit for that time period from the state of Nebraska as he was serving his state sentences for the various domestic offenses and the concealed weapon offense. Under 28 U.S.C. § 3585(b), applicable to Heras' federal sentence, Heras was not entitled to receive this credit toward his federal sentence because that time was already credited against his state sentence. Thus, the BOP did not err in its revised calculation of Heras' federal sentence.

## III. Conclusion

For the reasons set forth above, the court will deny Heras' petition for writ of habeas corpus.

An appropriate order will issue.

                                                                 s/Sylvia H. Rambo
                                                        United States District Judge

Dated: May 11, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JESUS MANUEL HERAS,** :
:
    Petitioner : **CIVIL NO. 1:CV-09-00494**
:
v. : **(Judge Rambo)**
:
**DAVID EBBERT,** :
:
    Respondent :

# O R D E R

**AND NOW**, this 11th day of May, 2009, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge